174

WAY DISTRIBUTORS, INC. *v.* UNITED STATES

Court Nos. 73–4–00943 and 75–7–01812

(Dated August 29, 1977)

*Doherty & Melahn (William E. Melahn,* of counsel) for the plaintiff.
*Barbara Allen Babcock,* Assistant Attorney General (*Jerry P. Wiskin,* trial attorney) for the defendant.

### MEMORANDUM OPINION AND ORDER

WATSON, Judge: Plaintiff having previously obtained the names of those involved in the formulation of ORR Ruling 202–71 by virtue of this court's order of March 8, 1976 (*Way Distributors, Inc.* v. *United States,* 76 Cust. Ct. 273, C.R.D. 76–1) now seeks to depose two of them.

In plaintiff's view this discovery relates to its claim that the merchandise in dispute was classified pursuant to guidelines contained in a rule promulgated by the United States Customs Service in violation of the requirements of the Administrative Procedure Act, 5 U.S.C. § 551 et seq.

Defendant, asserting a complete lack of merit to plaintiff's claim under the Administrative Procedure Act, characterizes the discovery sought as an attempt to explore the thought processes of the deponents.

At this stage of the proceeding and in this context the court cannot disregard the possibility of merit to plaintiff's claim nor can it assume that the desired discovery will be of an objectionable nature if it is properly conducted. The rules of the court provide adequate protection for the defendant and sufficient provision for the resolution of any concrete disputes which may arise during the taking of the depositions.

Upon reading and filing the motion for plaintiff, through its attorneys, Doherty & Melahn, to depose Arthur P. Schifflin, Acting Director, Division of Tariff Classification Rulings and Customs Chemist Irving Sporn, U.S. Customs Laboratory, New York City, and for an order requiring defendant United States to produce any available samples, books, worksheets, standard texts, treatises, guides, and any other tangible things pertaining to the classification and assessment

of duty of the merchandise involved in the instant action, and not previously produced, it is hereby,

ORDERED, that the motion is granted in all respects, and it is

FURTHER ORDERED, that the defendant United States shall cause both above employees to appear for purposes of taking depositions in the United States Customs Court, One Federal Plaza, New York, New York, 10007, in a room to be designated by a clerk of the court on September 26, 1977 at 11 a.m. or at such other date, time and place that may be mutually agreed to between the attorneys for the parties after consultation with the court, and it is

FURTHER ORDERED, that the clerk of the court shall make available, for review and use in examining the witnesses, the official papers which are the subject of this action, and it is

FURTHER ORDERED, that the defendant United States, through its designated officers or witnesses, produce for use in said examination, all samples, books, laboratory reports, worksheets, standard texts, treatises, guides, correspondence, or tangible things, if any, pertaining to the classification of the merchandise involved in the instant actions, if not previously produced, and it is

FURTHER ORDERED, that the plaintiff is to provide its own reportorial service at its own expense, and it is

FURTHER ORDERED, that this court order shall not preclude the attorneys for the respective parties from entering into a mutually agreeable stipulation pursuant to Rule 7.1 of the Rules of the United States Customs Court.